# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Andrew Mellentine and Debra Mellentine,**<br>        **Plaintiffs,**<br>**v**<br>**Ameriquest Mortgage Company;**<br>**WM Specialty Mortgage LLC, Without Recourse;**<br>**Citi Residential Lending Inc.;**<br>**Mortgage Electronic Registration Systems, Inc.;**<br>**Chase Home Finance, LLC;**<br>**J P Morgan Chase Bank, N.A.,**<br>**Orlans Associates, P.C.,**<br>**Nationwide Title Clearing, Inc**<br>**and Unknown Lenders;**<br>        **Defendants.** | **CASE No: #2:11-cv-11358**<br><br>**HON. Sean F. Cox** |

<u>**PLAINTIFFS' COMBINED RESPONSE TO**</u>
<u>**ALL DEFENDANTS' MOTIONS TO DISMISS**</u>
<u>**and**</u>
<u>**BRIEF IN SUPPORT**</u>
<u>**Certificate of Service**</u>

Plaintiffs respond to the Defendants' Motions To Dismiss under 12(b)(6), Count by Count, addressing each Defendant in turn, requesting the Court to deny each Motion, in part, and say:

1.      The only Counts remaining after Remand to the Circuit Court are:

     a.   Count 2: Truth in Lending Act (TILA)

     b.   Count 3: Homeowners' Equity Protection Act (HOEPA)

     c.   Count 14: Violation of Real Estate Settlement and Procedures Act (RESPA)

     d.   Count 18: Fair Debt Collection Practices Act (FDCPA).

2.      Having been remanded to Genesee Circuit Court, the remaining Counts are not longer before this Court, are no longer within this jurisdiction, and need not be addressed.

3.      Relief for the Motions was not requested by all.

4.      Plaintiff agrees with the argument of Defendants that Counts 2, TILA, and Count 3, HOEPA, are either time barred or the subject of a release, and believe that equitable tolling likely would not prevail.  Therefore, the request for relief under those Acts is withdrawn without prejudice.  However, the paragraphs attendant to those claims are now to be considered to be assertions of factual matters only.

5. Count 14 deals with the Violation of RESPA.

    a. Ameriquest Mortgage Company (Ameriquest); WM Specialty Mortgage LLC, Without Recourse (WM Specialty); Mortgage Electronic Registration Systems, Inc. (MERS); Citi Residential Lending Inc. (Citi); and Nationwide Title Clearing, Inc (NTC) were not servicers to this mortgage when the QWRs were sent, were not sent letters, and can have no liability.  Therefore, RESPA claims are not asserted against them.

    b. Chase Home Finance, LLC (CHF) and it's parent, J P Morgan Chase Bank N.A., Chase Fulfillment Center, and Orlans Associates, P.C., were sent Qualified Written Requests.on July 30, 2010, delivered August 2, 2010.

        i. Orlans Associates, PC  (USPS 9405 5036 9930 0302 4320 98) response of 8/19/10

            1. failed to set forth the complete payment history; and the history sent was incomprehensible; but, did submit the following assignments (all of which notaries are suspect):

            2. fraudulent assignment from Citi to MERS, signed by robosigner Crystal Moore on 12/15/08

            3. invalid assignment of MERS to Ameriquest signed 3/28/10 by Marshall Isaacs, attorney with Orlans, also believed to be a robosigner.

            4. invalid assignment From Ameriquest to WM Specialty Mortgage signed on 4/11/06 by Tamara Price, another robosigner who had no authority to sign.

            5. copy of the mortgage,

            6. no copy of the note, indicating that they did not have a copy of the note.

        ii. Chase Fulfillment Services (USPS 9405 5036 9930 0302 1701 72)

1. Although Plaintiff was given this address for the QWRs, there was no response.

    iii. CHF (USPS 9405 5036 9930 0302 4320 98) response of 8/10/10 initial response was late, beyond the 5 days required by the Dodd Frank Amendments for initial response.   CHF substantial response was 10/9/10, late: days past the prior 60 day limit and 37 days beyond the Dodd-Frank Amendment 30 day limit.  They sent:

        1. A copy of the note, seemingly endorsed in blank and undated; (not sent by Orlans)

        2. Copy of a fourth assignment from Ameriquest in blank, dated 8/31/2005, (*not* sent by Orlans)

        3. Crystal Moore's fraudulent assignment;

        4. Chase did *not* send copies of assignments by either Tamara Price or Marshall Isaacs.

        5. Payment history understandable and more complete.

    c. Orlans Responded to the QWR.  Having assumed the response, they had the duty to respond fully an d adequately.  They did not.  CHF and Orlans each left out various documents which demonstrated incomplete response and failed to respond in a timely manner.

    d. Liability is strict and statutory.  Plaintiff alleged these facts in their complaint and this count must not be dismissed.

6. Count 18 deals with Fair Debt Collection Practices Act violations:

    a. At the direction of Citi, NTC created the 12/15/08 fraudulent assignment signed by their employee, Crystal Moore, who falsely stating that she was a vice president of Citi.  That assignment purported to assign CiTI's Interest as attorney-in –fact for Ameriquest to MERS.  Ameriquest had already assigned their interest twice, once to WM Specialty and before, *in blanc*.  This was a bogus assignment, created in the den of NTC. Also, the notary was false as it was

routine for him not to be present to see her sign, although he may have been in the building that day or at his desk several rows away.

b. Orlans attorney, Marshall Isaacs is a Michigan foreclosure mill robosigner who signed an assignment from MERS (who could have no interest) over to Ameriquest, (who had already divested their interest to WM Specialty)

c. Orlans used these assignments to begin foreclosure procedures to collect a debt. There is no assignment to JPMorgan, of CHF, despite there representations.

d. Orlans, with reckless disregard for the truth, intentionally used false documents to institute an abusive legal process under the foreclosure by assignment of statute.

e. Orlans used these false documents and created assignments they needed to institute an abusive legal process under the foreclosure by assignment of statute.

f. Orlans cannot raise as a shield the wrong doing of their client.  Orlans is a sophisticated foreclosure law firm with offices and associations in several states who knew, or in the exercise of the mildest due diligence, should have known, that the assignments were false.

g. Using false documents and false representations to collect a debt is a violation of the FDCPA.

h. Plaintiffs' QWR's were a request that the attorney-agent of the creditor prove the debt.  Their failure to respond properly and to respond with false documents is a violation of the FDCPA.

7. Plaintiffs have alleged multiple facts which, if taken as true, state claims for relief under Counts 14 & 18.

WHEREFORE, Plaintiffs move this Court to dismiss Counts 2 and 3, without prejudice should the

proofs warrant reinstating those counts, but not dismiss Counts 14 and 18 as to Defendants and

award attorney's fees and costs.

Respectfully requested,


/s/ Susan Payne Woodrow
Susan Payne Woodrow (P29844)
Attorney for Plaintiffs
PO Box 300833
Waterford, MI 48330
PH: (248) 623 1818
FX: (248) 623 1811
suzywoodrow@hotmail.com
P29844

## CERTIFICATE OF SERVICE

I hereby certify that on the 28TH day of April,  2011, I caused the above referenced pleading,

Response to All Defendants' Motions to Dismiss, to be served by ECF to all counsel of record
and

/s/ Susan Payne Woodrow

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Andrew Mellentine and Debra Mellentine,**<br>     **Plaintiffs,**<br>**v**<br>**Ameriquest Mortgage Company;**<br>**WM Specialty Mortgage LLC, Without Recourse;**<br>**Citi Residential Lending Inc.;**<br>**Mortgage Electronic Registration Systems, Inc.;**<br>**Chase Home Finance, LLC;**<br>**J P Morgan Chase Bank, N.A.,**<br>**Orlans Associates, P.C.,**<br>**Nationwide Title Clearing, Inc**<br>**and Unknown Lenders;**<br>     **Defendants.** | **CASE No: #2:11-cv-11358**<br><br>**HON. Sean F. Cox** |

## PLAINTIFFS' BRIEF IN SUPPORT of the
## COMBINED RESPONSE TO
## ALL DEFENDANTS' MOTIONS TO DISMISS

## TABLE OF CONTENTS

QUESTION PRESENTED ................................................................................... 7

STATEMENT OF FACTS .................................................................................... 7

STANDARD OF REVIEW .................................................................................... 7

## TABLE OF AUTHORITIES

### Cases

*Conley V. Gibson*, 355 U.S. 41, 41 – 46, 70 S.Ct. 99, 2 L.Ed. 2nd 80 (1957) ............................... 8

*Garrish V. United Auto, Aerospace And Agricultural Implement Workers Of America,* 133 Fed
     Supp 2d. 959, 964 (EDMich 2001).......................................................................... 7

*Glass v. Goeckel*, 473 Mich 667; 703 NW2d 1 (2005) ................................................ 9

*Grant V. Trinity Health-Michigan*, 390 F.Supp 2D 643, 648 (E.D. Michigan 2005); ...................... 8

*Maiden v. Rozwood*, 461 Mich 109; 597 NW2d 817 (1999) ............................................ 9

*Rose V. Saginaw County*, 353 F Supp 2nd 900, 915 (E.D. Mich 2005)......................................... 8

### Statutes

FDCPA ................................................................................................................... 8, 9

RESPA ...................................................................................................................... 9

### Other Authorities

FEDPROC §62:464 ............................................................................................... 7

FEDPROC §62:468 ............................................................................................... 8

FPP §1356 ............................................................................................................. 8

### Rules

FRCP 12 (b)(6) ........................................................................................................ 8
FRCP rule 12 (b) (6) ............................................................................................... 8
FRCP Rule 12(b)(6) ................................................................................................ 8
FRCP Rule 8(a) ...................................................................................................... 8

## QUESTION PRESENTED

Does Plaintiff's Original, First and Second Amended complaints set forth sufficient factual allegations and law to state a claim upon which relief can be granted?

Plaintiffs say yes, therefore the Motion to Dismiss should be denied.

## STATEMENT OF FACTS

CITI and NTC created false assignments.  Ameriquest created or was involved in three void or false assignment: 1- *in blanc* 2- to WM Specialty and 3- through CI=iti to MERS.  Orlans created a voidable assignment from MERS for the purpose of foreclosure.  Orlans then knowing or with reckless disregard for the truth, used these assignments to begin legal proceedings (foreclosure by advertisement) and in open coujrt in Genesee Circuit Court.  Such conduct uses misrepresentation and fraud in the process of collecting a debt and violates the FDCPA.

CHF and Orlans failed to respond fully or timely to the QWRs sent to them as can be seen by the significant variation in the responses received.  This violates RESPA.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim are not favored by the courts and should be granted sparingly and with care. *Garrish V. United Auto, Aerospace And Agricultural Implement Workers Of America,* 133 Fed Supp 2d. 959, 964 (EDMich 2001).  . Even if it is doubtful that the plaintiff would ultimately prevail, a plaintiff who colorably states facts which, if proven, would entitle relief, the motion should not be granted.  Merely because an adverse party fails to respond, a motion to dismiss should not be granted. FEDPROC §62:464.

The purpose of a motion under FRCP Rule 12 (b)(6) is to test the formal sufficiency of the statement of the claim for relief and is not a procedure to resolve the matter or

to discern the facts or challenge the substantive merits of the plaintiff's case. *Rose V. Saginaw County*, 353 F Supp 2nd 900, 915 (E.D. Mich 2005). FPP §1356.

In making a determination, FRCP Rule 12(b)(6) must be read in conjunction with FRCP Rule 8(a). FRCP Rule (8)(a) requires a short estate meant of the claim showing an entitlement to relief. A complaint must set forth sufficient information to suggest some recognized legal theory upon which relief can be granted. It is only when the plaintiff's complaint fails to meet this liberal pleading standard, it is subject to dismissal.  It must appear beyond doubt that the plane conclude prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Conley V. Gibson*, 355 U.S. 41, 41 – 46, 70 S.Ct. 99, 2 L.Ed. 2nd 80 (1957).  The court is under a duty to examine the complaint to determine if the allegations provide a basis for relief under any possible theories advanced in the complaint. *Grant V. Trinity Health-Michigan*, 390 F.Supp 2D 643, 648 (E.D. Michigan 2005); FEDPROC §62:468.

When viewing the complaint, it must be liberally construed in the light most favorable to the plaintiff and all well pleaded material facts are taken as true.  All reasonable inferences that can be drawn from the pleadings must be drawn in favor of the we plaintiff. *Garrish, supra.*

Plaintiff pled sufficient facts and law complaint to establish that the RESPA violations occurred. Those factual allegations are set forth in ¶¶ 88 – 90.

Plaintiff pled sufficient facts in the complaints to establish that FDCPA violations occurred.  See "General and Additional General Allegations of Facts" ¶¶ 9, 12, 13, 14,\; "Recent Developments and Document Fraud , Additionally" ¶¶ 33 – 36 specifically set forth facts and allegations and violations.  Further, Count XVIII Fair Debt Collection Practices Act Violations set forth specific allegations of fact and law against Orlans, which of the FDCPA that will survive a motion to dismiss under FRCP Rule 12 (b) (6).

The purpose of notice pleading is to alert the defendants of the complaints against them.  There can be no doubt that these defendants are aware of the plaintiffs' contentions.  All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the non-movant.  *Glass v. Goeckel*, 473 Mich 667; 703 NW2d 1 (2005).  A

motion may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could justify recovery. *Maiden v. Rozwood*, 461 Mich 109; 597 NW2d 817 (1999).

Although the Plaintiffs' rambling complaints may be inartfully drawn, the defendants know that the plaintiffs are alleging that the defendants engage in predatory lending, failed to respond to requests for information under RESPA, recklessly and intentionally created and used fraudulent documents to effectuate foreclosure in violation of the FDCPA, and attempted to foreclose without a clear chain of title.

The motion should be denied.

Respectively requested,


*/s/ Susan Payne Woodrow*
Susan Payne Woodrow (P29844)
Attorney for Plaintiffs
PO Box 300833
Waterford, MI 48330
PH: (248) 623 1818
FX: (248) 623 1811
suzywoodrow@hotmail.com
P29844