UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MELLENTINE
And DEBRA MELLENTINE,

           Plaintiffs,

-vs-

AMERIQUEST MORTGAGE COMPANY,
WM SPECIALTY MORTGAGE LLC, Without Recourse;
CITI RESIDENTIAL LENDING, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
CHASE HOME FINANCE, LLC,
JP MORGAN CHASE BANK, N.A.,
ORLANS ASSOCIATES, P.C.,
and UNKNOWN LENDERS,

           Defendants.

Case #2:11-cv-11358
HON. SEAN F. COX

## DEFENDANT ORLANS ASSOCIATES, P.C.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Following the Court's Remand of the state claims, the remaining claims against Defendant Orlans Associates, P.C. ("Orlans") are found in Count XIV [Violation of Real Estate Settlement Procedures Act/RESPA] and Count XVIII [Violation of Fair Debt Collection Practices Act/FDCPA].

Plaintiffs' Response to Orlans' Motion to Dismiss asserts that they have sufficiently pleaded these two causes of action. For the reasons that follow, as well as those previously stated in the Motion to Dismiss [Dkt. 26], Orlans is entitled to dismissal under Fed R Civ P 12(b)(6).

### 1. Orlans is not a servicer as defined by RESPA.

Plaintiffs contend that they served Orlans with a Qualified Written Request (QWR) under RESPA, and that the response they received was incomplete and thus constitutes a statutory violation.

As outlined in Orlans' Motion to Dismiss, Plaintiffs fail to cite any specific statutory section of RESPA that they claim was violated. In their Response Brief, Plaintiffs state that facts creating a cause of action under RESPA as it relates to Orlans exist on Pages 32-33 of the First Amended Complaint in Paragraphs 88 and 89. Those allegations assert that Plaintiffs sent a QWR to Orlans, and that Orlans undertook to respond to the QWR but failed to provide all required information. Plaintiffs appear to rely on 12 USC 2605(e) when making their claim that Orlans was required (but failed) to fully respond to their QWR. 12 USC 2605(e), however, applies only to **loan servicers**. The section states in part:

(e) **Duty of loan servicer** to respond to borrower inquiries.
  (1) Notice of receipt of inquiry.
    (A) In general. If any **servicer** of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the **servicer shall provide** a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
    (B) **Qualified written request**. For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
      (i) includes, or otherwise enables the **servicer** to identify, the name and account of the borrower; and
      (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the **servicer** regarding other information sought by the borrower.
  (2) Action with respect to inquiry. Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the **servicer** shall—

2

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the **servicer** who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) to the extent applicable, a statement of the reasons for which the **servicer** believes the account of the borrower is correct as determined by the **servicer**; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the **servicer** who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the **servicer**; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the **servicer** who can provide assistance to the borrower.

[Emphasis added.]

26 USC 2605(i) contains the definitions for this section of the statute, and states:

The term "servicer" means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan). See, 12 USC 2605(i)(2).

Moreover:

The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10 [12 USCS § 2609], and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. See, 12 USC 2605(i)(3).

The First Amended Complaint on Page 8, Paragraph 7 states that Orlans is a "law firm that specializes in foreclosure actions and related creditor representation." Plaintiffs have failed to allege that Orlans is a loan servicer subject to RESPA. Count XIV should be dismissed as to Orlans.

3

## 2. Plaintiffs fail to plead any facts that show Orlans violated the FDCPA.

Orlans' Motion to Dismiss deals with Plaintiffs' failure in this Count to do anything more than make conclusory legal statements that are unsupported by any factual development. In other words, their claim under the FDCPA is a formulaic recitation of the elements of a cause of action, which the Court in *Twombly* specifically rejected.

Plaintiffs allege that Orlans violated the FDCPA, but they fail to present any facts from which it can be determined that Orlans took any action to "collect" a debt or even is a "debt collector." For example, Plaintiffs do not identify any correspondence in which Orlans demanded money, or any date that Orlans allegedly called Plaintiffs to collect money, or any other specific conduct exhibited by Orlans that could be considered debt collection activity. Simply, Plaintiffs have cited to various sections of the FDCPA without providing any facts to support those legal statements.

This claim is insufficiently plead, and should be dismissed as to Orlans.

WHEREFORE, Defendant Orlans requests this Court enter an Order Granting its Motion to Dismiss.

Respectfully submitted,

Date: June 7, 2011

*/s/ Timothy B. Myers*
TIMOTHY B. MYERS (P48152)
Attorney for Defendant—Orlans
1650 West Big Beaver Road
Troy, MI  48084
248 502 1392
tmyers@orlans.com

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MELLENTINE
And DEBRA MELLENTINE,

                Plaintiffs,

-vs-

AMERIQUEST MORTGAGE COMPANY,
WM SPECIALTY MORTGAGE LLC, Without Recourse;
CITI RESIDENTIAL LENDING, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
CHASE HOME FINANCE, LLC,
JP MORGAN CHASE BANK, N.A.,
ORLANS ASSOCIATES, P.C.,
and UNKNOWN LENDERS,

                Defendants.

Case #2:11-cv-11358
HON. SEAN F. COX

---

## PROOF OF SERVICE

I hereby certify that on June 7, 2011 I electronically filed Defendant Orlans Associates, P.C.'s Reply to Plaintiff's Response to Motion to Dismiss and this Proof of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record for the above-captioned matter. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

June 7, 2011

                                            */s/Brian Dudek*
                                            Brian Dudek

File No. 209.7141