UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Mellentine and Debra Mellentine,

    Plaintiffs,

v.                                        Case No. 11-11358

Ameriquest Mortgage Company, *et al.*,        Sean F. Cox
                                                              United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER**

       This case is back before this Court following remand by the United States Court of Appeals for the Sixth Circuit. Although Plaintiffs had asserted nineteen different counts against seven named defendants, there is now only one count remaining against one defendant – a Fair Debt Collection Practices Act ("FDCPA") count asserted against Defendant Orlans Associates P.C. ("Orlans"). The matter is currently before the Court on a Motion for Judgment on the Pleadings, or Alternatively for Summary Judgment filed by Orlans and a Motion for Summary Judgment filed by Plaintiffs.

       The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall GRANT Orlans's Motion for Judgment on the Pleadings because Plaintiffs' First Amended Complaint fails to state a FDCPA claim against Defendant Orlans.

1

BACKGROUND

A.     **Procedural Background**

Plaintiffs Andrew and Debra Mellentine ("Plaintiffs") filed this action against multiple Defendants, asserting a litany of claims, in state court. The matter was removed to this Court on April 1, 2011, based on federal-question jurisdiction.

This Court declined to exercise supplemental jurisdiction over the state-law claims, and remanded those claims to state court.

In an Opinion & Order issued on October 20, 2011, this Court granted several motions to dismiss and dismissed all of Plaintiffs' remaining claims before this Court.

Plaintiffs appealed and the Sixth Circuit reversed as to two claims: 1) Plaintiffs' FDCPA claim against Defendant Orlans; and 2) Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim against Defendant Chase. *See Mellentine v. Ameriquest Mortgage Co.*, Case No. 11-2467 (6th Cir. Feb. 14, 2013).

As to the FDCPA claim against Orlans, the Sixth Circuit noted that after this Court dismissed the claim against Orlans, the Sixth Circuit issued a decision holding that a lawyer can meet the definition of a "debt collector" under the act if his principal business purpose is mortgage foreclosure or if he regularly performs this function. *Id*. at 5-6 (citing *Glazer v. Chase Home Finance LLC*, No. 10-3416, 2013 WL 141699 (6th Cir. Jan. 14, 2013)). The Court stated that "[i]n light of *Glazer*, we are left only to determine if the Mellentines' complaint is sufficient to allege that Orlans is a debt collector under the FDCPA." *Id*. at 6. The Court found that Plaintiffs' had sufficiently alleged that Orlans was a debt collector under the FDCPA as they alleged that Orlans "(1) 'held itself out as debt collector,' (2) worked on behalf of a company to

whom the Mellentines owed a debt, (3) specialized in foreclosures, and (4) had specific information regarding their mortgage debt." *Id*. at 7.

Although the Sixth Circuit had the First Amended Complaint at the time of the appeal, it did not determine which specific FDCPA claims Plaintiffs alleged against Defendant Orlans and stated the following in a footnote:

> The district court held that the Mellentines did not state a claim under § 1692f(6). While we reverse the district court opinion on the grounds that as a "debt collector" under § 1692a(6) Orlans may be liable under § 1692 *et seq. we leave it to the district court to determine which specific FDCPA claims have been asserted. We note, however, that the Mellentines sought relief under §1692f in their complaint and presume that the district court will consider this issue on remand.*

*Id.* at 6 n.2. (emphasis added).

The Sixth Circuit also ruled that this Court did not abuse its discretion in not allowing Plaintiffs to file a third amended complaint, where they made that request in a response brief rather than a motion and where this Court had previously granted them leave to file an amended complaint but they failed to follow through and file one. *Id*. at 9-10.

Following remand, this Court issued a new Scheduling Order on April 16, 2013, that provides that discovery closed on July 15, 2013, and the deadline for filing motions is August 16, 2013. (D.E. No. 67). Some discovery disputes then ensued but were ultimately resolved.

On October 11, 2013, Plaintiffs voluntarily dismissed their claim against Chase. (D.E. No. 99).

The operative complaint in this action is Plaintiffs' First Amended Complaint. The only Defendant that now remains in this action is Orlans and the only claim against it is Plaintiffs' FDCPA claim, asserted as Count XVIII in Plaintiffs' First Amended Complaint.

Again, Plaintiffs' First Amended Complaint is a seventy-eight-page complaint that asserts nineteen different counts against seven different named defendants, and also includes "unknown lenders" as Defendants. Notably, the vast majority of the factual allegations in Plaintiffs' First Amended Complaint are made as to other Defendants – not as to Orlans.

This Court has carefully reviewed Plaintiffs' seventy-eight page First Amended Complaint, in search of the factual allegations as to Defendant Orlans, and there are remarkably few factual allegations as to Orlans. Plaintiffs allege only the following factual allegations as to Orlans.

Orlans is a "law firm that specializes in foreclosure actions and related creditor representation." (First Am. Compl. at ¶ 7).

"On March 28, 2010, unbeknownst to Plaintiffs, Marshall Isaacs, an attorney with Orlans Associates PC, executed a fourth improper assignment, from MERS to Ameriquest." (*Id*. at ¶ 77). "An attorney with Orlans, Marchall [sic] Issacs, signed an assignment on March 28, 2010, three days before Orlans Law asserted itself to Mr and Mrs Mellentine as a Debt collector on behalf of Chase Home Finance, LLC." (*Id*. at page 45). "The conduct of signing an assignment while also being an attorney in the firm prosecuting the action is improper as it would be foreseeable that his testimony would be required." (*Id*. at page 46).

On July 31, 2010, Plaintiffs sent qualified written request (QWR) letters to Chase and to Orlans. (*Id*. at ¶ 88). "Orlans sent a timely, but unsigned and incomplete QWR response on August 19, 2010. In addition their response is not only incomplete; but, also the loan history response is jumbled and not understandable, *in violation of [ ] RESPA*. The Orlans response contained:

    a.    Five (5) page Mortgage Loan History so jumbled it cannot be understood.
    b.    Copies of three of [sic] assignments:
        i.    Assigned from MERS to Ameriquest, signed 3/28/2010 by Marshall R. Issacss, attorney with Orlans (Henceforth Issacs Assignment)
        ii.    Assignment from Ameriquest to WM, signed by Tamara Price on 4/11/2006 but drafted by Trott & Trott in Michigan (henceforth WM Assignment)
        iii.    Assignment from CITI to MERS signed on 12/15/2008 by Crystal Moore (henceforth CITI Assignment).
    c.    Copy of the mortgage, but
    d.    No copy of the note or closing pack,
    e.    And do not reveal who owns the mortgage and/or note

(*Id*. at 89) (emphasis added).

That is the full extent of the factual allegations as to Orlans in the body of the First Amended Complaint.

In the FDCPA count, the only count remaining as to Defendant Orlans, Plaintiffs allege as follows:

1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.
2. Plaintiffs are naive debtors and the FDCPA assumes an objective standard, regardless, and the issue of being mislead [sic] or deceptive practices is a question of fact to be tried to a jury.
3. At all times herein Defendants' [sic] individually or collectively were debt collectors. Their documentation so indicates. Consequently, their conduct is regulated by the Fair Debt Collections Procedures Act (FDCPA), 15 USC §§ 1692-1692o.
4. The Defendants engaged in continuous threats of foreclosure over several years in violation of the FDCPA.
5. Defendants alleged loan balances that were intentionally or negligently incorrect and failing to justify their assertions of the loan balance upon request.[1]
6. Defendants used fraudulent documents to collect their debt.

---

[1] 15 USC 1692e(2)(A)

7. Defendants made false or material misrepresentations[2] or implications, engaged in oppressive conduct[3] and unfair practices[4] in an attempt to collect a debt.
8. Orlans is a debt collector.[5]
9. Orlans is vicarious liable for the misdeeds of their clients
10. Orlans is liable for their own misconduct when they failed to conduct due diligence in reviewing[6] the file before acting and such improper action by attorneys is particularly egregious.
11. Orlans is strictly liable without regardless intent or actual knowledge or willfullness or knowledge of the clients errors and misdeeds.
12. Orlans violated the Rules of Professional Conduct, including but not limited to, Rule 8.4 which precludes a lawyer from engaging "in conduct involving . . . deceit or misrepresentation" or (d) "that is prejudicial to the administration of justice."
13. Attorneys are no longer excluded from the FDCRA . . .
14. Defendant except Orlans are debt buyers and are covered under the FDCPA.
15. Liability is strict under the FDCPA.
16. Plaintiffs have incurred stress, emotional distress for which they are entitled to compensation, punitive damages, cost and fees.[7]

(Pls.' Am. Compl. at 7-75). Thus, that count contains only legal conclusions; it contains no additional *factual* allegations as to Defendant Orlans.

On February 3, 2014, Plaintiffs filed a Motion for Summary Judgment (D.E. No. 108) and Defendant Orlans filed a Motion for Judgment on the Pleadings or Alternatively, for Summary Judgment. (D.E. No. 105). Both motions have been fully briefed.

---

[2] 15 USC §1692(e)

[3] 15 USC § 1692d

[4] 15 USC §1692f

[5] 15 USC § 1692a(6)

[6] 15 USC §§ 1692e, 1692e (3) & (10).

[7] 15 USC 1692k(a)(1)

Based upon the initial briefing, this Court could not determine what specific FDCPA claims are seeking to pursue, or those FDCPA claims they may have abandoned. As such, this Court ordered a supplemental brief from Plaintiffs. (Docket Entry No. 114). The Court's order stated, in pertinent part, as follows:

> Having reviewed Plaintiffs' First Amended Complaint and the pending motions, it is not clear to this Court which specific FDCPA claims Plaintiffs seek to pursue in this action. It also appears that Plaintiffs may intend to abandon some of the claims alleged in their First Amended Complaint.
> In order to expedite and aid this Court's decision on the pending motions, the Court hereby **ORDERS** that, **no later than April 28, 2014**, Plaintiffs shall file a statement setting forth, in the format provided on the last page of this order, the following information as to each alleged violation of the FDCPA by Defendant Orlans: 1) the specific subsection of the FDCPA allegedly violated by Orlans; 2) a short summary of this alleged violation; 3) citation to the paragraph(s) wherein this claim is alleged in Plaintiffs' First Amended Complaint; and 4) the record evidence submitted to the Court that supports this alleged violation.
> **IT IS FURTHER ORDERED** that any claim not included in Plaintiffs' statement shall be deemed **ABANDONED.**

(*Id.*) (Bolding in original). Plaintiff's filed their supplemental brief on April 28, 2014. (Docket Entry No. 115).

### B. Summary Of The Pending Motions

Orlans filed a Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment. Orlans first asserts that the Court should dismiss the remaining count against it because Plaintiffs' First Amended Complaint contains very few factual allegations as to Orlans and it and Plaintiffs have not come close to supporting their legal conclusions with facts, entitling them to dismissal under Fed. R. Civ. P. 12(c) for failure to state a claim. Second, Orlans asserts that even if they had sufficiently alleged a FDCPA claim against them, it is entitled to summary judgment because: 1) Plaintiffs have not presented any *evidence* to establish that Orlans is a debt

collector; and 2) Plaintiff cannot otherwise support their claims with admissible evidence.

Plaintiffs filed a motion seeking entry of summary judgment on their behalf as to liability. They claim they have established liability as to some specific FDCPA claims against Orlans and contend that the Court should have a jury determine damages. [8]

## ANALYSIS

**I.    Standard That Applies To Orlans's Motion For Judgment On The Pleadings**

The standard that applies to a motion for judgment on the pleadings, brought under Fed. R. Civ. P. 12(c) is as follows:

> Motions under 12(c) are adjudicated under the same legal standard as those under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir.2007). Under Rule 12(b)(6), the court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) " 'allow[s] a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the alleged complaint is true.' " *Bagsby v. Gehres*, 225 F. App'x 337, 355 (6th Cir.2007) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993)). Accordingly, the court must view the complaint in "the light most favorable to plaintiffs" by accepting all the allegations in it as true while drawing "all reasonable inferences ... in favor of plaintiffs." *Rondigo*, 641 F.3d at 680 (citing Bassett, 528 F.3d at 430). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In order to "provide the grounds of [their] claimed entitlement to relief," Plaintiffs must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, Plaintiffs' complaint needs to include " 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' " *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir.2010) (quoting *Twombly,* 550 U.S. at 556, 570) (alteration in original). "Plausibility requires showing more than the

---

[8]In support of their motion, Plaintiffs attached an Affidavit of Susan Solwold, a person who apparently has worked for Issacs, who asserts that the signature on the Issacs assignment is not his signature. Plaintiffs never disclosed this person as a witness during discovery. Orlans asks the Court to strike the affidavit, for several reasons. Given the Court's rulings in this Opinion & Order, the Court need not reach this issue.

> 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian*, 628 F.3d at 280 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (alteration in original). Pleading "facts that are 'merely consistent with' a defendant's liability" is not enough to cross the " 'line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A complaint can only survive a motion to dismiss if it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 570). Ultimately, "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Lupas v. U.S. Bank*, NA, 2012 WL 3758037 (E.D. Mich. 2012).

In other words, as the Sixth Circuit recognized during the appeal in this case, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory and the bare assertion of legal conclusions is not enough to constitute a claim for relief. *Mellentine, supra*.

## II. Section 1692e and Section 1692f Claims Based Upon Orlans Having Used Two Questionable Assignments

Section 1692e of the FDCPA governs "false or misleading representations," and provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. It then states that "[w]ithout limiting the general application of the foregoing," that several specific kinds of conduct violate this section. *Id*. The one specific subsection identified by Plaintiffs in their supplement brief is subsection 10, which provides that the following is a violation of § 1692e:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

Section 1692f provides that a "debt collector may not use unfair or unconscionable means

to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Like Section 1692e, it gives specific examples of conduct that constitutes a violation, but Plaintiffs have not identified any of those subsections as having been violated by Orlans.

Based on Plaintiffs' Supplemental Brief, it appears that Plaintiffs assert that Orlans violated 1692e, 1692e(10), and 1692f, by "using," in some unspecified manner, "two questionable assignments to prove the right to collect the debt." (Docket Entry No. 115-1 at Pg ID 2228). Plaintiffs identify the following factual allegations in the First Amended Complaint as those that allege these claims:

- Those portions of Paragraph 14, wherein Plaintiffs allege that they seek redress from "Defendants," without identifying Orlans, for damages based upon "Use of fraudulent documents" and "Filing fraudulent documents with the registrar of Deeds" and for "Violation of the Fair Debt Collection Practices Act."

- Those portions of Paragraph 13, wherein they allege that "*Citi* caused a fraudulent assignment to be generated on December 15, 2008 in Palm Harbor, FL" and that "The creation of such fraudulent documents" "is a Fair Debt Collection Practices Act violation." (First Am. Compl. at ¶ 13) (emphasis added).

- The FDCPA count itself, that contains legal conclusions and no factual allegations as to how Orlans violated the statute. (First Am. Compl. at 44-47).

- Paragraph 77, wherein Plaintiffs allege that Issacs, an attorney with Orlans "executed" an "improper" assignment. (First Am. Compl. at § 77).

The Court fails to see how these allegations state a claim against Orlans for having violated: 1) § 1692e because the First Amended Complaint does not allege a false or misleading representation by Orlans in connection with the collection of a debt); 2) §1692e(10) because the First Amended Complaint does not allege a false representation or deceptive means used by Orlans to collect a debt); or 3) §1692f because the First Amended Complaint does not allege an unconscionable

10

means used by Orlans to collect a debt.[9]

### III. Section 1692e(2)(A) Claim Re False Representation Of Debt

Section 1692e(2)(A) provides that the "false representation of" "the character, amount, or legal status of any debt" by a debt collector is a violation of the FDCPA. 15 U.S.C. § 1692e(2)(A).

This claim also appears to be based on a August 19, 2010 letter from Orlans. Plaintiffs now appear to assert that Orlans violated the above subsection by misrepresenting the owner of the loan and the amount Plaintiffs owed on the loan.

Plaintiffs first identify, as the section of their complaint that alleges this claim, Paragraphs 88 and 89 of the First Amended Complaint. But those two paragraphs allege that Orlans sent an "incomplete QWR response on August 19, 2010" and "their response is not only incomplete; but, also the loan history responses is jumbled and not understandable, *in violation of [ ] RESPA*." (First Am. Compl. at ¶¶ 88 & 89) (emphasis added). Those allegations do not put Orlans on notice that Plaintiffs are asserting a FDCPA claim against it based on their having misrepresented the amount of the loan or the owner of the loan.

Second, Plaintiffs direct the Court to pages 73 to 75 of the First Amended Complaint, wherein the Plaintiffs assert bare legal conclusions as to "Defendants" without specifying the conduct alleged of each of the seven named Defendants that are unsupported by any factual allegations.

---

[9]While the Sixth Circuit noted that Plaintiffs' First Amended Complaint referenced § 1692f, it did so in a footnote to a bare legal conclusion wherein Plaintiff alleges that "Defendants" engaged in "unfair practices" in an attempt to collect a debt. (First Am. Compl. at 74).

11

The Court agrees with Orlans that Plaintiffs' First Amended Complaint does not state a claim under Section 1692e(2)(A) as to Defendant Orlans.

**C.    Section 1692g Claims**

15 U.S.C. § 1692g pertains to validation of debts and has provisions regarding certain things that must be included with an initial communication regarding a debt. On pages seven and eight of their Supplemental Brief, Plaintiffs indicate that they wish to pursue claims under § 1692g, based on a March 31, 2010 collection letter.

This Court's order that called for the supplemental brief by Plaintiffs specifically ordered them to identify where in their First Amended Complaint they alleged each claim. Notably, with respect to the § 1692g claims, Plaintiff did not identify *any substantive paragraphs* where they alleged a claim under this section. Rather, Plaintiffs direct the Court to a paragraph of the First Amended Complaint wherein they state they reserve the right to add claims:

> RESERVATION OF RIGHT TO ADD CLAIMS
>
> Plaintiffs reserve the right to add affirmative claims and parties as discovered during the litigation.

(First Am. Compl. at 77).

Orlans asserts, in its motion, that Plaintiffs should not be allowed to pursue any § 1692g claims because Plaintiffs' First Amended Complaint does not assert such claims. (*See* Orlans's Br. at 12).

The Court agrees with Orlans. Plaintiffs' First Amended Complaint does not allege any § 1692g claims. That is, it does not contain any factual allegations that support a claim under § 1692g. In addition, although Plaintiffs included bare legal conclusions that defendants violated

various *other sections* of the FDCPA, they did not include any alleges or references to §1692g whatsoever. The Court concludes that Plaintiffs' operative complaint, the First Amended Complaint, fails to state any claims under § 1692g as to Defendant Orlans.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Orlans's Motion for Judgment on the Pleadings is GRANTED and Count XVIII is DISMISSED. Given the Court's ruling that Plaintiffs' First Amended Complaint fails to state a FDCPA claim against Orlans, the Court need not address the pending summary judgment motions.

IT IS SO ORDERED.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: July 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager